UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS STANBACK,

    Plaintiff,

v.

JOHN McNEISH AND THE PIERCE COUNTY DEPARTMENT OF ASSIGNED COUNSEL

    Defendants.

Case No.  C06-5573RBL

REPORT AND RECOMMENDATION TO DISMISS THIS ACTION PRIOR TO SERVICE WITH THE DISMISSAL COUNTING AS A STRIKE PURSUANT TO 28 U.S.C. 1915 (g)

**NOTED FOR:**
December 8th, 2006

    This civil rights action brought pursuant to 42 U. S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The Court has screened this complaint and recommends the complaint be dismissed prior to service as frivolous, for failure to state a claim, and with the dismissal counting as a strike under the Prison Litigation Reform Act.

    Plaintiff names the attorney who represented him in his criminal case and the Pierce County Department of Assigned Counsel as defendants in this action. Plaintiff's allegations center on an alleged racial statement made by counsel, and the representation plaintiff is or was receiving in a criminal case (Dkt.# 1-2).

## DISCUSSION

    A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d

1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e) (2). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Section 1915(e) of the PLRA requires a district court to dismiss an in forma pauperis complaint that fails to state a claim. 28 U.S.C. § 1915; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998).

Mr. Stanback's complaint fails to state a claim. Plaintiff does not present a § 1983 claim because his attorney, despite the fact that he was not privately retained, is a private party who does not act under color of state law. *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Moreover, if plaintiffs actually suffered due to the ineffectiveness of his attorney's performance during state court proceedings, this § 1983 case would similarly be dismissed pursuant to Heck v. Humphrey, 114 S.Ct. 2364 (1994), since the issue of ineffectiveness of counsel necessarily calls into question the fact or duration of plaintiff's conviction and plaintiff has not alleged that the underlying conviction has been overturned, expunged, or otherwise invalidated.

The Pierce County Department of Assigned Counsel is also a named party in this action but there is no legal theory or claim against the department in the complaint. Nor could there be under these facts.

A court should dismiss a claim under Fed.R.Civ.P. 12(b) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), Normally a plaintiff is given an opportunity to amend prior to dismissal of an action. Here, amendment cannot cure the defects in the complaint. Mr. McNeish is

Report and Recommendation
Page - 2

1 not operating under color of state law.

2     The court recommends this action be **DISMISSED WITH PREJUDICE**, as frivolous and for
3 failure to state a claim.  This dismissal counts as a strike pursuant to 28 U. S. C. 1915 (g).  A proposed
4 order accompanies this Report and Recommendation.

5     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
6 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.
7 P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v.
8 Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
9 set the matter for consideration on **December 8th, 2006**, as noted in the caption.

11     DATED this 17th day of November, 2006.

13         */S/ J. Kelley Arnold*
        J. Kelley Arnold
14         United States Magistrate Judge